## LEAIRD et al. vs. DAVIS.

1. D. and L. entered into a contract, by which the former, in consideration of $400, agreed to hire to the latter for a year certain slaves, and to superintend them as an overseer, and work as a laborer. Soon after D. had delivered the slaves and entered on the performance of his contract, L., for good and sufficient cause, discharged him from his service. D., when he left, carried the slaves off with him, and L. with another went in pursuit and retook the slaves, whereupon D. sued them in trespass :— *Held*—1st. That the contract vested the title to the slaves in L.; and although the hiring of the slaves and of D. as an overseer was an entire contract, L.'s title to the slaves was not divested by the discharge of D. from his service. 2d. That D. having no right to take the slaves, L. was not guilty of a trespass in peaceably reclaiming the possession.

Error to the Circuit Court of Barbour. Tried before the Hon. Thos. A. Walker.

P. T. Sayre, for the plaintiffs in error.

Buford, for the defendant.

CHILTON, J.—This was an action of trespass brought by the defendant in error against the plaintiffs for forcibly seizing and carrying away divers slaves and other personal chattels of the defendant. Plea, not guilty; verdict and judgment for the plaintiff below.

A bill of exceptions was sealed upon the trial, from which it appears that the plaintiff below showed that the property upon which the trespass had been committed was in his possession under a contract of hiring for the year 1848. The defendants then showed that while the plaintiff was thus in possession, the defendant Leaird made with the plaintiff a contract as follows: "Eufaula, Jan'y 10th, 1848. This is to certify that I have this day hired to L. J. Leaird eight negroes, namely, Philip, Charity, Mike, Bill, Boy, Ol, Fann and Price, and the service of me as overseer and laborer for this year, for the sum of four hundred dollars, and am to furnish my own meat and bread, and two horses, one yoke of oxen and cart, for the use of the farm— (signed)—Benj. A. Davis"; and proved that the defendant in error went upon the farm and with the said slaves commenced

work in accordance with the terms of said written contract; that afterwards, for cause, admitted by the counsel for the plaintiff below to be sufficient, the defendant Leaird refused to let the plaintiff continue in his employment.   The plaintiff went off and took with him the slaves, which he had hired to the defendant Leaird, but the latter pursued him and forcibly reclaimed them.   It does not appear that any actual violence was done, or any more force was used than was necessary to reclaim the property.   The defendant Leaird having taken the property back to his farm, where by the contract they were to work, the plaintiff instituted this action for the trespass.   For him it was insisted that the contract was entire, and that although he gave the defendant Leaird sufficient cause to turn him off from the employment and labor stipulated for in the contract, and the said defendant for such cause did turn him off, yet he was, upon being turned off, entitled to his slaves and other property, and the defendant had no right to detain it the balance of the term; that if having possession of said property, after he was thus turned off, the defendant took it forcibly, the plaintiff had the right to recover for such trespass.   This was substantially the opinion of the law entertained by the court below, and which he gave in the form of instructions to the jury, refusing instructions asserting a contrary proposition.   The legality of the instructions given, &c., are presented for our consideration by the assignment of error.

We have no hesitation in pronouncing this an entire contract. See Story on Contr. (2 edit.) §§ 21-2-3; see, also, Nesbitt et al. v. Drew, at the present term, and cases there cited.   The effect of the contract is to vest in Leaird the ownership of the slaves hired by Davis to him for and during the term for which they were hired, as also the other property which passed by the same contract.—Rix, adm'r, v. Dillahunty, 8 Por. Rep. 133.   The title having thus vested, was not divested by Leaird turning Davis off for a cause admitted to be sufficient, for if the cause justified Leaird's act, he was guilty of no violation of the contract, and certainly Davis cannot avail himself of his own violation in failing to comply with it, to re-vest himself with the property and defeat the right which had vested in Leaird and which he was unwilling to surrender.   Suppose Leaird had paid him the $400 in fulfilment of the contract on his part, and

Leaird et al. v. Davis.

after having delivered the property to Leaird, Davis should so demean himself as to make it indispensable to dismiss him, would it not be manifestly absurd to say that because by the wrongful act of Davis, Leaird had not received *all* he had contracted and paid for, therefore he should have *nothing?* Leaird does not destroy the entirety of the contract on his part, by a justifiable act—he loses no right to avail himself of it, as far as he may do so, by the wrongful violation of the agreement by Davis—so the latter gains no right as founded upon his own wrong. It is unnecessary now to decide what would be the rights of Davis growing out of the contract after he was turned off for good and sufficient cause. All we are called upon to decide in the present posture of the case is, that Leaird electing to hold on to the contract thus partially performed by Davis, had the right to the property for the term agreed upon; and having the right to the property, Davis had no right to take it away from him; but having taken it away wrongfully, Leaird had the right of recaption, and having taken his own property (for the time being) he cannot be held responsible either civilly or criminally, unless indeed he was guilty of an actual breach of the peace.—See 3 Black. Com. 3-4-5, and authorities cited in note 3, p. 3; Chitty's Black. vol. 2. So, in taking the property under the facts shown in the bill of exceptions, Leaird committed no trespass on the property of Davis, but took, or rather reclaimed his own.

This short statement of the law which must govern the case, shows the Circuit Court entirely misconcieved the rights of the parties growing out of the contract and as affected by their subsequent conduct. The judgment must therefore be reversed and the cause remanded.